**United States District Court**
For the Northern District of California

1

2

3

4

5              UNITED STATES DISTRICT COURT

6              NORTHERN DISTRICT OF CALIFORNIA

7

8  BARBARA STRAIN,                        No. C-11-3127 EMC (pr)

9              Petitioner,

10      v.                                **ORDER TO SHOW CAUSE**

11  TEWES, Warden,

12              Respondent.
   _____/

13

14                    I.    **INTRODUCTION**

15      Barbara Strain, a prisoner currently incarcerated in the Camp Parks facility of the Federal

16  Correctional Institute - Dublin, has filed a *pro se* petition for writ of habeas corpus pursuant to 28

17  U.S.C. § 2241 challenging a disciplinary decision.  The petition is now before the Court for review

18  pursuant to 28 U.S.C. §2243 and Rules 1(b) and 4 of the Rules Governing Section 2254 Cases.

19                    II.    **BACKGROUND**

20      Barbara Strain alleged in her petition that her constitutional rights were violated during

21  disciplinary proceedings that stemmed from an incident on or about August 7, 2009.  She alleged the

22  following in her petition:  On or about August 7, 2009, officer Canales searched Strain's room and

23  locker, seized several items, and classified those items as contraband and/or unauthorized property.

24  On or about August 10, 2009, she received an incident report charging her with various rule

25  violations based on the items seized in the cell search.  Officer Canales had "misrepresented the

26  actual facts and circumstances surrounding the contents, and used other dishonest and coercive

27  tactics to mislabel the majority of her findings."  Petition, Memorandum in Support of § 2241 at 2.

28  At a disciplinary hearing, Strain discussed with the hearing officer each of the alleged violations,

United States District Court

For the Northern District of California

1 and Strain explained her concerns about officer Canales' statements.  Strain was found guilty and

2 discipline was imposed.  She was sentenced to a loss of 84 days of good conduct time credits and to

3 54 days of "segregation time in the special housing unit." *Id.*  Strain filed an inmate appeal after she

4 completed her time in segregated housing.  Captain Bernhardt eventually agreed with Strain's

5 position and returned the confiscated property but "claimed he could not restore the loss of good

6 conduct time, and instructed Ms. Strain to go though the administrative remedy process." *Id.*  Strain

7 did so.  Her administrative appeals were denied.  *See* Petition, p. 5.

8                                 **III.   DISCUSSION**

9 A.       Review of Petition

10         A district court may entertain a petition for writ of habeas corpus challenging the execution

11 of a federal sentence on the ground that the sentence is being executed "in violation of the

12 Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *United States v.*

13 *Giddings*, 740 F.2d 770, 772 (9th Cir. 1984).  A district court considering a petition will "award the

14 writ or issue an order directing the respondent to show cause why the writ should not be granted,

15 unless it appears from the application that the applicant or person detained is not entitled thereto."

16 28 U.S.C. § 2243.

17         Strain alleges several claims in her petition.  First, she appears to allege that her right to due

18 process was violated because the evidence was insufficient to support the disciplinary decision

19 against her.  This claim is cognizable in a habeas action because due process also requires that there

20 be "some evidence" to support the disciplinary decision.  *See Superintendent v. Hill*, 472 U.S. 445,

21 454 (1985).

22         Second, Strain alleges that her "constitutional rights were violated" when officer Canales

23 improperly issued an incident report "without adequate legal standing."  Memorandum in Support of

24 § 2241, pp. 3, 4.  This allegation fails to state a claim upon which habeas relief may be granted.

25 Although Strain refers to it as a lack of standing, the context indicates that she means that the

26 charges were false.  A prisoner has no constitutionally guaranteed immunity from being falsely or

27 wrongly accused of conduct which may result in the deprivation of a protected liberty interest.  *See*

28 *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F. 2d 949, 951 (2d

1    Cir. 1986). Strain's claim that the evidence was insufficient covers much of the same territory as her

2    allegation that the charges against her were false.

3         Strain also alleges that her constitutional rights were violated because officer Canales

4    "abused the process in which she was trained, for something other then the legal ends, which it was

5    designed for." Memorandum in Support of § 2241 at 3. Even with liberal construction the

6    allegations of "abuse of process" do not state a cognizable habeas claim (as distinct from a tort claim

7    or *Bivens* action for damages). If the inmate received due process (including sufficient evidence) in

8    the disciplinary proceedings, the reporting officer's allegedly ill motive for filing the charges will not

9    negate the validity of the disciplinary decision which is the subject of this instant habeas petition.

10        Finally, Strain alleges that the discipline amounted to cruel and unusual punishment in

11   violation of her rights under the Eighth Amendment. This claim is dismissed because Strain has not

12   alleged anything about the conditions of the segregated housing in which she was kept for 54 days or

13   described any facts suggestive of cruel and unusual punishment. Indeed, her theory appears to be

14   that the punishment was cruel and unusual because she was not guilty. The alleged insufficiency of

15   the evidence of guilt is properly analyzed under the Fifth Amendment's Due Process Clause rather

16   than the Eighth Amendment's Cruel and Unusual Punishment Clause.

17   B.   Petitioner's Motion

18        After filing her habeas petition challenging the August 10, 2009 disciplinary decision, Strain

19   filed a "motion requesting an order preventing further retaliation from officer Canales, due to the

20   filing of the petitioner's 2241." In that motion, Strain argued that she had been disciplined again in

21   August 2011 based on a new disciplinary report written by officer Canales. The motion is

22   **DENIED**. (Docket # 3.) The August 2011 acts and omissions are beyond the scope of this habeas

23   action, which challenges an August 2009 disciplinary decision. If Strain wants to pursue a claim

24   against officer Canales for acts and omissions occurring in August 2011, she may file a prison

25   grievance and then a civil action in state or federal court.

26   ///

27   ///

28   ///

## IV.   CONCLUSION

For the foregoing reasons and for good cause shown,

1.     The petition states a cognizable due process claim and warrants a response.

2.     The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the United States Attorney for the Northern District of California.  The Clerk shall also send a copy of the petition to the Attorney General of the United States in Washington, D.C.  The Clerk shall also serve a copy of this order on the Petitioner.

3.     Respondent must file with this Court and serve upon the Petitioner no later than **May 25, 2012,** an answer responding to the allegation of the petition and showing cause why a writ of habeas corpus should not be issued.  The Respondent shall file with the answer a copy of all documents that are relevant to a determination of the issues presented by the petition.

4.     If Petitioner wishes to respond to the answer, she must do so by filing a traverse with the Court and serving it on Respondent on or before **June 29, 2012**.

5.     Petitioner is responsible for prosecuting this case.  She must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6.     Petitioner's "motion requesting an order preventing further retaliation" is **DENIED**. (Docket # 3.)


IT IS SO ORDERED.


Dated:  April 4, 2012

_____
EDWARD M. CHEN
United States District Judge